UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| JALIC, INC., | ) |
|---|---|
| *Plaintiff*, | ) |
| | ) Case No. 1:25-cv-163 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| FAO SCHWARZ, LLC, *et al.*, | ) Magistrate Judge Mike J. Dumitru |
| | ) |
| *Defendants*. | ) |

## **O R D E R**

On October 20, 2025, the Court ordered Plaintiff, Jalic, Inc., to show cause why its claims against Defendants FAO Schwarz, LLC; the Children's Museum of the Upstate, Inc.; and Wholesale Gallery, Inc. should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because there was no record that process had been served upon Defendants. (Doc. 74.) On October 28, 2025, Plaintiff filed waivers of service returned executed for Defendants FAO Schwarz, LLC and the Children's Museum of the Upstate. (Docs. 80–81.) The Show Cause Order is therefore dismissed as to service on these Defendants. As for the remaining defendant, on November 3, 2025, Plaintiff responded to the Show Cause Order and represented its difficulty in serving Defendant Wholesale Gallery. (Doc. 94.)

A plaintiff has the burden of establishing that proper service has occurred. *Thul v. Haaland*, No. 1:20-cv-354, 2022 WL 20728031, at *2 (E.D. Tenn. Mar. 24, 2022). A plaintiff is responsible for having the summons and complaint served upon defendants within the time allotted by Rule 4(m) of the Federal Rules of Civil Procedure, and "[u]nless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must

dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

A court must extend the time for service, however, if a plaintiff shows good cause for the delay. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022), *cert. denied sub nom. United States & Michigan, ex rel. Mohamad Sy v. Oakland Physicians Med. Ctr., LLC*, 143 S. Ct. 782 (2023). A plaintiff bears the burden to establish good cause. *Alexandria-Williams v. Goins*, No. 2:22-cv-2134, 2024 WL 1152278, at *1 (W.D. Tenn. Feb. 26, 2024). Good cause is defined as "a reasonable, diligent effort to timely effect service of process." *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *2 (6th Cir. Mar. 1, 2023) (quoting *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021)).

Plaintiff represents it had good cause for not effecting service of summons upon Wholesale Gallery within the ninety-day deadline because "it made numerous service attempts and waiver of service requests, engaged in settlement discussions with the Defendants, and relied in good faith on the representation of Defendant['s] counsel." (Doc. 94 at 1.) Plaintiff states:

> Plaintiff twice attempted service upon Wholesale Gallery's registered agent. Next, Wholesale Gallery was aware of the lawsuit, and Plaintiff relied in good faith upon Wholesale Gallery's counsel's representation on July 16, 2025, that there was "[n]o problem on waiver of service." Consequently, since July 15, 2025, Plaintiff requested Mr. Ward return the waiver of service on three occasions while settlement discussions have been ongoing. For the first time, on October 30, 2025, Mr. Ward advised Plaintiff's counsel that he would be retiring at year-end and would no longer be representing Wholesale Gallery.

(*Id*. at 6.)

Because Plaintiff has established a reasonable and diligent effort to timely effect service of process on Defendant Wholesale Gallery, the Court **DISMISSES** the Show Cause Order. (Doc. 74.) Plaintiff is **ORDERED** to serve Defendant Wholesale Gallery properly within **thirty days** of the entry of this Order.

2

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**
