UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JALIC, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:25-cv-163 |
| | ) | |
| v. | ) | Judge Curtis L. Collier |
| | ) | |
| FAO SCHWARZ, LLC, et al., | ) | Magistrate Judge Michael J Dumitru |
| | ) | |
| *Defendants*. | ) | |

**M E M O R A N D U M**

Before the Court is a motion by FAO Schwarz, LLC ("Defendant") to dismiss Plaintiff's complaint as to Defendant. (Doc. 111.) Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(6). (*Id.*) Plaintiff filed a response in opposition (Doc. 134) and Defendant replied (Doc. 144).

## I. BACKGROUND[1]

On May 16, 2025, Plaintiff Jalic, Inc. filed a complaint for copyright infringement against numerous defendants. (Doc. 1.) Plaintiff is a manufacturer of licensed collectibles from popular media, such as from movies, television shows, and video games. (*Id.* ¶ 23.) Most relevant here, Plaintiff manufactures and sells replica swords from the book series A *Song of Ice and Fire* and the television adaption *Game of Thrones*. (*Id.*) In particular, Plaintiff owns "the exclusive rights under the Copyright Act of 1976 . . . to reproduce and distribute from the Game of Thrones series certain replica swords known as Longclaw, Blackfyre, and Oathkeeper." (*Id.* ¶ 24.) Plaintiff holds

[1] This summary of the facts accepts all the factual allegations in Plaintiff's complaint as true. *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

copyright registrations, issued by the U.S. Copyright Office, for each of these three swords. (*Id.* ¶¶ 26–28.)

It is undisputed that the essential elements of a sword are "a long, pointed blade joined to a hilt. The hilt—the handle portion of the sword—traditionally consists of three components: the guard (or cross guard), which protects the hand; the grip, which allows control; and the pommel, which serves as both counterweight and ornament." (Doc. 112 at 2–3; Doc. 134 at 7.) The pommel, affixed to the butt-end of the handle, throughout history has been crafted with ornamental designs. *Id.*

Plaintiff's Longclaw is a collectable replica sword. (Doc. 1 ¶ 24.) It includes designs and features such as a carved wolf head for the pommel and a crossguard which "ends in an upturned point on each side." (*Id.* ¶ 26.) The blade and crossguard are made of metal and have a metallic finish. (*Id.*) The sword is fifty inches long, "made of only the highest quality materials available with special attention made to the finish and detailing" and retails for approximately three hundred dollars. *Book Longclaw, Sword of Jon Snow*, JALIC BLADES, https://jalicblades.com/book-longclaw-sword-of-jon-snow/ (last accessed Aug. 26, 2026).[2]

Defendant is a children's store based in Oregon. (Doc. 1 ¶ 16.) Plaintiff alleges that Defendant, without consent, "have engaged and/or are currently engaged in the willful, continuous, and systematic production and/or distribution of products that infringe on [Plaintiff's] copyrights." (*Id.* ¶¶ 29, 74.) As relevant here, Plaintiff alleges that Defendant "sells a foam sword that is identical or substantially similar to [Plaintiff's] Longclaw." (*Id.* ¶ 30.) This sword was marketed on Defendant's website as "Dress Up – Wolf Toy Sword (Foam)" and sold for $20.00. (*Id.*)

[2] The parties agree that the Court may take judicial notice of Plaintiff's website. (Doc. 112 at 9; Doc. 134 at 4 n.1.)

Plaintiff claims infringement based on the fact that Defendant's product also "features a wolf head on the pommel, a black hilt, and an upturned point on each side of the crossguard." (Doc. 134 at 1.)

## II. <u>STANDARD OF REVIEW</u>

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss under Rule 12(b)(6), a court must accept all of the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Hill v. Blue Cross & Blue Shield of Mich.*, 49 F.3d 710, 716 (6th Cir. 2005)). The court is not, however, bound to accept bare assertions of legal conclusions as true. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In deciding a motion under Rule 12(b)(6), a court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. 556). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in

original) (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997).

## III. DISCUSSION

Under the Copyright Act, a copyright owner has the exclusive right to reproduce, prepare derivative works, and authorize copying, distribution, or public display of the work. 17 U.S.C. § 106(1)–(4). "Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 . . . is an infringer of the copyright." 17 U.S.C. § 501(a).

To establish an infringement claim, Plaintiff must show (1) ownership of a valid copyright, and (2) copying of original elements of the protected work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). A copyright registration certificate is *prima facie* evidence of copyright ownership. *See* 17 U.S.C. § 410(c). For present purposes, Defendant concedes the first prong, that Plaintiff owns a valid copyright. (Doc. 112 at 10–11.) Thus, the sole issue is whether there was copying that amounts to infringement.

"Since direct evidence of copying is rarely available, a plaintiff may establish 'an inference of copying by showing (1) access to the allegedly-infringed work by the defendant(s) and (2) a substantial similarity between the two works at issue.'" *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004) (quoting *Ellis v. Diffie,* 177 F.3d 503, 506 (6th Cir. 1999)).

But as a threshold matter, the allegations in the complaint do not satisfy the pleading standard. The Supreme Court made clear that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Twombly,* 550 U.S. at 555 (citations omitted).

The Court of Appeals for the Sixth Circuit has adopted a heightened pleading standard in copyright infringement cases. *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*, 299 F. App'x 509, 512 (6th Cir. 2008) ("greater particularity in pleading, through showing "plausible grounds," is required.") In *National Business Development Services*, the court dismissed the complaint at the motion to dismiss stage because "plaintiff did no more than plead bare legal conclusions. It failed to even allege which, if any, of defendants' materials were infringing." 299 F. App'x at 512.

Here, Plaintiff's complaint does not provide sufficient grounds or "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 556); *Twombly*, 550 U.S. at 557 ("[A] naked assertion ... gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility....").

The complaint does not provide any identification, details, or descriptors of Defendant's sword. (Doc. 1 ¶ 30.) The allegation in full as to Defendant is that it "sold a foam sword that is identical or substantially similar to [] Longclaw." (*Id.*) Unlike the allegations against all other defendants in this case, Plaintiff did not include a screenshot of the listing of the allegedly infringing product. (*See id.* ¶¶ 31–69.) The complaint does not give Defendant notice of which sword or product it alleges is infringing. *See Twombly*, 550 U.S. at 545 (explaining that Federal Rule of Civil Procedure 8(a)(2) requires "giv[ing] the defendant fair notice of what the ... claim is and the grounds upon which it rests.")

Plaintiff has not provided an identification of the work, either by written description or by providing an image. The allegations against Defendant rest on mere conclusive and speculative assertions. Plaintiff has failed to allege facts upon which relief can be granted. Therefore, the complaint is insufficient as to Defendant and the claim must be dismissed.

## IV. CONCLUSION

Accordingly, Defendant's motion will be **GRANTED**. Plaintiff's claim against Defendant will be **DISMISSED** without prejudice.

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/________________________**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**