UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JALIC, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:25-cv-163 |
| | ) | |
| v. | ) | Judge Curtis L. Collier |
| | ) | |
| FAO SCHWARZ, LLC, et al., | ) | Magistrate Judge Michael J Dumitru |
| | ) | |
| *Defendants*. | ) | |

**M E M O R A N D U M**

Before the Court are Plaintiff Jalic, Inc.'s amended motions for default judgment against Defendant Handsmith, LLC (Doc. 123), Defendant Toy Time, Inc. (Doc. 125), Defendant Cosplay Kingdom, Inc. (Doc. 127) and Defendant Armory Replicas, Inc. (Doc. 129) (collectively, "Defendants"). Plaintiff filed these motions pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court will **GRANT** Plaintiff's amended motions (Docs. 123, 125, 127, 129). The Court with **DENY** Plaintiff's original motions (Docs. 100, 101, 102, 108) **as moot**.

## I. BACKGROUND[1]

On May 16, 2025, Plaintiff Jalic, Inc. filed a complaint for copyright infringement against numerous defendants. (Doc. 1.) Plaintiff is a manufacturer of licensed collectibles from popular media, such as from movies, television shows, and video games. (*Id.* ¶ 23.) Most relevant here, Plaintiff manufactures and sells replica swords from the book series *A Song of Ice and Fire* and

[1] This summary of the facts accepts all well-pleaded allegations in Plaintiff's complaint regarding liability as true, but not as to damages. *See Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 675 (N.D. Ohio 2016).

the television adaption *Game of Thrones*. (*Id.*) In particular, Plaintiff owns "the exclusive rights under the Copyright Act of 1976 . . . to reproduce and distribute from the Game of Thrones series certain replica swords known as Longclaw, Blackfyre, and Oathkeeper." (*Id.* ¶ 24.) Plaintiff holds copyright registrations, issued by the U.S. Copyright Office, for each of these three swords. (*Id.* ¶¶ 26–28.)

Each above-named Defendant was served with a summons and complaint, but none of these Defendants has entered an appearance or given any other indication of an intent to participate in this lawsuit. Consequently, the Clerk entered default against each Defendant pursuant to Rule 55(a). (Docs. 32, 33, 34, 44). Plaintiff filed motions for default judgment (Docs. 100, 101, 102, 108) pursuant to Rule 55(b)(2) and subsequently filed amended motions (Docs. 123, 125, 127, 129), which supersede the former and are currently before the Court.

## II. STANDARD OF REVIEW

After a Clerk's entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Court may enter default judgment upon a movant's application for default judgment under Rule 55(b). Following the Clerk's entry of default pursuant to Rule 55(a) and the plaintiff's application for default judgment under Rule 55(b), the complaint's factual allegations regarding liability are taken as true, while allegations regarding damages must be proven. *Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009). The party seeking default judgment bears the burden of establishing damages. *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 456–57 (6th Cir. 2011). Federal Rule of Civil Procedure 55 "allows but does not require" a district court to conduct an evidentiary hearing regarding damages. *Vesligaj*, 331 F. App'x at 354–55 (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not

necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for damages specified in a default judgment.")).

A court's award may include compensatory damages, injunctive relief, costs, attorney fees, and other appropriate relief. *See, e.g.*, *Disney Enters. v. Farmer*, 427 F. Supp. 2d 807 (E.D. Tenn. 2006) (awarding compensatory damages, attorney fees and costs, and permanent injunctive relief); *Broad. Music, Inc. v. Whiskey Stop Bar & Grill, Inc.*, No. 5:23-CV-1889, 2024 WL 943322 at *5 (N.D. Ohio Mar. 5, 2024) (finding plaintiffs were entitled to default judgment against the defendant and an award of statutory damages, injunctive relief, attorney fees, and costs). However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c)

## III. DISCUSSION

The Court has discretion to determine the judgment and the need for a hearing on damages. *Pope v. United States*, 323 U.S. 1, 12 (1994) ("It is a familiar practice and an exercise of judicial power for a court, upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.")).

Federal Rule of Civil Procedure 55(b)(2) applies if a plaintiff cannot show that its claim is for a sum certain. The granting of a motion for default judgment under Rule 55(b)(2) is within the court's sound discretion. *Broad. Music*, 2024 WL 943322, at *2. However, there are procedural and substantive requirements which must be met. *Id*. at *2–*3.

### A. Procedural Requirements

Procedurally, a plaintiff must show: (1) the defendant was properly served with process; (2) the procedural obligations for default judgment under Federal Rule of Civil Procedure 55 have

been fulfilled; (3) the defendant was served with notice at least seven days before the hearing on the motion for default judgment, if the plaintiff is seeking default against a defendant who has entered an appearance; (4) the defendant is not an infant or incompetent person; and (5) the defendant is not a member of the armed services who is entitled to protection under the Servicemembers Civil Relief Act. *Id.* at *3 (citations omitted). Only if the plaintiff fulfills all these procedural requirements does the court have discretion to enter a default judgment. *Broad. Music, Inc. v. Marler*, No. 1:09-CV-193, 2009 WL 3785878, at *4 (E.D. Tenn. Nov. 12, 2009) (citing *Virgin Records Am., Inc. v. Bagan*, No. 08-4694, 2009 WL 2170153, at *2 (D.N.J. July 21, 2009)).

Here, Plaintiff complied with all procedural requirements. Each Defendant was served with a summons (Docs. 13, 17, 21, 30) and the Clerk entered default pursuant to Rule 55(a) against each one upon Plaintiff's application. (Docs. 32, 33, 34, 44.) No attorney has entered an appearance on behalf of any of the Defendants. Therefore, it was not necessary for Plaintiff to serve any of the Defendants with the motion for default judgment. *See Slutsky v. Am. Exp. Travel Related Servs. Co. (In re William Cargile Contractor, Inc.)*, 209 B.R. 435, 438 (B.A.P. 6th Cir. 1997) ("Rule 55 unequivocally states that service of the motion is required 'if the party against whom judgment by default is sought has appeared in the action.'").

Finally, each of the Defendants is either an incorporated entity or an LLC according to the complaint, and therefore no Defendant is an infant, incompetent person, or a member of the armed forces. *See Laufer v. Aark Hosp. Holding, LLC*, No. 20-5648, 2021 WL 486902, at *3 (D.N.J. Feb. 10, 2021). Plaintiff also included an affidavit with each motion for default judgment attesting to the same. (Docs. 123-1, 125-1, 127-1, 129-1.)

**B. Substantive Requirements**

Plaintiff asserts that Defendants "have engaged and/or are currently engaged in the willful, continuous, and systematic production and/or distribution of products that infringe on [Plaintiff's] copyrights to Longclaw" and "offer, sell, and ship their infringing products nationwide." (Doc. 1 ¶ 29.) Plaintiff argues these facts, along with others asserted in the complaint, "establish[] a claim for copyright infringement against Defendant[s] and show[] that statutory damages, injunctive relief, impoundment, and costs and attorney's fees are warranted." (Docs. 124 at 1; 126 at 1, 128 at 1, 130 at 1.)

In each case, consistent with the complaint, Plaintiff seeks:

> [A] default judgement enjoining Defendant from infringing on its copyright pursuant to 17 U.S.C. § 502, ordering the impoundment and destruction of all of Defendant's infringing products pursuant to 17 U.S.C. § 503, awarding Plaintiff statutory damages for willful infringement in the amount of $150,000 per infringement pursuant to 17 U.S.C. § 504(c), and awarding Plaintiff its costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

(Doc. 1 ¶ 76; Docs. 124 at 2–3, 126 at 2–3, 128 at 3, 130 at 2–3.) The Court will address each request in turn.

Under the Copyright Act, a copyright owner has the exclusive right to reproduce, prepare derivative works, and authorize copying, distribution, or public display of the work. 17 U.S.C. § 106(1)–(4). "Anyone who violates any of the exclusive rights of the copyright owner as provided by section[] 106 . . . is an infringer of the copyright." 17 U.S.C. § 501(a).

To establish an infringement claim, Plaintiff must show (1) ownership of a valid copyright and (2) copying of original elements of the protected work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

In the complaint, Plaintiff alleged the U.S. Copyright Office issued copyright registration numbers for all allegedly infringed-upon works. (Doc. 1 ¶¶ 26–28.) In the motions for default, Plaintiff attached registration certificates as exhibits. (Docs. 124 at 9, 126 at 9, 128 at 10–12, 130

at 9.) A copyright registration certificate is *prima facie* evidence of copyright ownership. *See* 17 U.S.C. § 410(c).

Plaintiff alleges each Defendant knowingly and willfully infringed on its exclusive right by selling identical or substantively similar works. (Doc. 1 ¶ 29.) Plaintiff's products are widely commercially available and displayed publicly on its website. *See Book Longclaw, Sword of Jon Snow*, JALIC BLADES, https://jalicblades.com/book-longclaw-sword-of-jon-snow/ (last accessed Aug. 26, 2026). Additionally, the swords "are three of the most iconic swords from the Game of Thrones series," which is "one of the most well-known and widely consumed fantasy series in existence." (Doc. 1 ¶ 25, 23.) Thus, Defendants had ample access to the design and should have known it is copyrighted.

Plaintiff asserts that it owns the copyright for the Longclaw sword's "many unique design features." The complaint contains screenshots of the allegedly infringing articles for sale on Defendants' online stores and alleges copying of protected designs. (*See id.* ¶ 50 (Armory Replicas), ¶ 55 (Toy Time), ¶ 61 (Thinker Toy), ¶ 65 (Handsmith). Some of these products even explicitly reference *Game of Thrones* and the specific name of the sword in the listing. *Id.*

Accordingly, Plaintiffs have satisfied both prongs and sufficiently pleaded a claim for direct copyright infringement against Defendants.

**C. Relief**

For relief, Plaintiff requests the Court award $150,000 in statutory damages from each Defendant, pursuant to 17 U.S.C. § 504. (Docs. 124 at 6; 126 at 5–6; 128 at 6; 130 at 6.)

"Well-pleaded allegations in the complaint as to liability are taken as true when a defendant is in default, but not as to damages." *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 675 (N.D. Ohio 2016) (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006)).

The Court finds that an evidentiary hearing is not necessary to award damages in this case. *See Sands v. Fan Fest News, LLC.*, No. 3:18-CV-01353, 2019 WL 6715114, at *3 (M.D. Tenn. Dec. 10, 2019) (finding a hearing not necessary as it is "appropriate to decide this matter based on the written record in light of (1) Plaintiff's request for statutory damages, and (2) the fact that Defendant has failed to appear or otherwise defend itself in this action.") (collecting cases).

**1. Statutory Damages**

"Under the Copyright Act of 1976, a plaintiff (copyright owner) may elect to recover either the actual damages he suffered and any profits made by the infringers or, instead of actual damages, the plaintiff may elect to receive statutory damages under 17 U.S.C. § 504(c)." *Disney Enters. v. Farmer*, 427 F. Supp. 2d 807, 815–16 (E.D. Tenn. 2006). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

"[T]he statutory scheme is 'designed not solely to compensate the copyright owner for losses incurred, but also to deter future infringement." *Sands*, 2019 WL 6715114, at *3 (quoting *Johnson v. Jones,* 149 F.3d 494, 504 (6th Cir. 1998)); *F.W. Woolworth Co. v. Contemp. Arts*, 344 U.S. 228, 233 (1952) ("The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct."). "In determining statutory damages, Courts may consider several factors, including 'the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of defendants' conduct, and the infringers' state of mind

whether willful, knowing, or merely innocent.'" *Id*. (quoting *King Records, Inc. v. Bennett,* 438 F. Supp. 2d 812, 853 (M.D. Tenn. 2006)).

"[A] plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant." *Disney Enters.*, 427 F. Supp. 2d at 816 (quoting *Peer Int'l Corp. v. Pausa Recs., Inc.*, 909 F.2d 1332 (9th Cir. 1990)). "The option of electing statutory damages is especially appropriate where 'the information needed to establish an exact measure of actual damages is within the infringers' control and often is not fully disclosed.'" *Id*. at 816–17 (quoting (*Microsoft Corp. v. Sellers,* 411 F. Supp. 2d 913, 920 (E.D. Tenn. 2006).

A defendant has acted "willfully" if they "showed a disregard for the governing statute and an indifference to its requirements." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127 (1985). A defendant's willfulness can be inferred based on default alone. *See Sony/ATV Music Publ'g LLC v. 1729172 Ontario, Inc.*, No. 3:14-CV-1929, 2018 WL 4007537 at *8 (M.D. Tenn. Aug. 20, 2018) (collecting cases).

Here, Plaintiff seeks statutory, rather than actual, damages for Defendants' alleged willful infringement. (Docs. 124 at 6, 126 at 5–6, 128 at 6, 130 at 6.) The Court may infer willfulness from Defendants' default and lack of appearance in this lawsuit. *See Sony/ATV Music Publ'g*, 2018 WL 4007537, at *8. But even if the Court were not to infer willfulness from default alone, Plaintiff sufficiently proved willfulness as to Defendants Handsmith, Cosplay Kingdom, and Armory Replicas. The allegations show these Defendants' products have explicit or implicit references to *Game of Thrones* and the copyrighted sword models. For example, Defendant Handsmith "advertises its sword as 'Longclaw Sword of John Snow.'" (Doc. 124 at 2.) "Defendant [Cosplay Kingdom] advertises its swords as 'Game of Thrones Longclaw, Sword of John Snow[,]'

'Longclaw Sword of John Snow[,]' and 'Oathkeeper Red Sword A Song of Ice and Fire book Series." (Doc. 128 at 2.) "Defendant [Armory Replicas] advertises the infringing sword as a 'Replica' from 'your favorite character from the hit television series.'" (Doc. 130 at 2.) This exhibits a disregard for copyright law and its requirements. Defendants' actions were not innocent.

On the other hand, the "revenues lost by the plaintiffs as a result of defendants' conduct" is less clear. Plaintiff offers no proof of actual damages. While not strictly necessary for an award of statutory damages, it is nonetheless a factor in determining the amount of the award. *See Sands*, 2019 WL 9715114, at *3 ("Plaintiff's decision not to offer such evidence may affect the amount of statutory damages the Court awards in its discretion.")

Plaintiff markets a high-end replica sword, "made of only the highest quality materials available with special attention made to the finish and detailing," which retails for approximately three hundred dollars, and is designed for display. *Book Longclaw, Sword of Jon Snow*, JALIC BLADES, https://jalicblades.com/book-longclaw-sword-of-jon-snow/ (last accessed Aug. 26, 2026). Defendant Armory Replica's sword is "constructed of polyurethane foam," is designed for "sword play," and retailed for approximately sixty-seven dollars. (Doc. 1 ¶ 50.) Defendant Toy Time's sword is foam and retailed for approximately nineteen dollars. (*Id.* ¶ 55.) Defendant Cosplay Kingdom's swords are metal and retailed for approximately fifty-five and sixty-five dollars. (*Id.* ¶ 46.) Defendant Handsmith's sword is made of metal, and the price is unknown from the complaint. (*Id.* ¶ 65.)

The Court is not convinced that Plaintiff lost substantial revenue from a consumer buying one of Defendant Armory Replica's or Toy Time's swords instead of Plaintiff's own. A foam sword for play is simply not the same product class, nor does it serve the same purpose, as a collectable sword intended only for display. As to Defendants Cosplay Kingdom and Handsmith,

the likelihood is slightly higher due to the material used. Handsmith's listing describes it as a "collectible," but also "for practical use." (*Id.*) The complaint does not include a description of Cosplay Kingdom's sword, but it appears to include a plaque, the Oathkeeper is described as a "replica," and each included the opportunity to upgrade the steel blade material, including high-quality options. (*Id.* ¶¶ 46–47.)

Considering the factors for assessing statutory damages, the Court finds that granting an award of $150,000 per Defendant is excessive. Plaintiff argues, "statutory damages in the maximum amount of $150,000 . . . is supported by the unique circumstances surrounding Plaintiff's copyright of Longclaw." (Docs. 124 at 6, 126 at 6, 128 at 6, 130 at 6.) But Plaintiff provides no further explanation of what those "unique circumstances" are other than that Plaintiff holds an exclusive license to a popular design. *Id.* The Court does not find this circumstance unique.

The Court finds that an amount of $50,000 is reasonable for Defendant Toy time, $85,000 for Defendant Armory Replicas, and $115,000 for Defendants Cosplay Kingdom and Handsmith. The difference in amounts reflect the degree of similarity in relation to Plaintiff's product and the likelihood of consumer substitution. These awards serve to deter these particular defendants, as well as third parties, from engaging in wrongful conduct. It is also warranted to compensate Plaintiffs for lost profits as the result of the infringement.

**2. Injunctive Relief**

Plaintiffs are entitled to an injunction prohibiting Defendants' unlawful infringment. "The Copyright Act grants the Court broad powers to enjoin infringement." *Jobete Music Co. v. Johnson Commc'ns, Inc.*, 285 F. Supp. 2d 1077, 1092 (S.D. Ohio 2003). "Courts have traditionally granted permanent injunctions if liability is established and a continuing threat to

a copyright exists." *Id*. (quoting *Swallow Turn Music, Inc. v. Wilson,* 831 F.Supp. 575 (E.D. Tex. 1993)); *Nat'l Football League v. McBee & Bruno's, Inc.,* 792 F.2d 726, 729 (8th Cir. 1986) (holding that if infringement is for commercial gain, likelihood of future harm is presumed).

17 U.S.C. § 502(a) provides: "Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." The Court finds it appropriate to enjoin Defendants from selling the infringing products or substantively similar products.

The statute also provides for the destruction of copies made in violation of a copyright. 17 U.S.C. § 503(b). Plaintiff asserts, "[t]hese remedies are necessary and appropriate to deter Defendant[s] from further infringement." (Docs. 124 at 7, 126 at 7, 128 at 7, 130 at 7.) The Court finds this well taken and will direct Defendants to impound or destroy all copies of the infringing works in their possession, custody, or control.

**3. Costs and Attorney Fees**

"The Copyright Act provides that the district court, in its discretion, may award costs, including reasonable attorneys' fees, to the prevailing party in civil actions." *Sands*, 2019 WL 6715114, at *5 (citing *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 807 (6th Cir. 2005)); 17 U.S.C. § 505. "In determining whether costs or attorneys' fees are warranted, 'a court may consider (1) whether a complex or novel issue justified the litigation of the case, (2) whether the defendant made an attempt to avoid the infringement, and (3) whether the infringement was innocent.'" *Id*. (quoting *Disney Enters.*, 427 F. Supp. 2d at 817).

Taking each in turn, (1) this case did not involve a complex or novel legal issue. (2) Treating Plaintiff's factual allegations in the complaint as true, Defendant did not attempt to avoid, but rather willfully infringed upon Plaintiff's copyright. (3) Being willful, the infringement was

not innocent. Accordingly, Plaintiff is entitled to reasonable costs and fees. Plaintiff will be directed to submit an accounting to the Court within thirty days.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motions for default against Defendant Handsmith, LLC (Doc. 123), Defendant Toy Time, Inc. (Doc. 125), Defendant Cosplay Kingdom, Inc. (Doc. 127) and Defendant Armory Replicas, Inc. (Doc. 129) will be **GRANTED**. Judgment will be entered as follows:

1. Plaintiff is awarded $50,000 in statutory damages from Defendant Toy Time.
2. Plaintiff is awarded $85,000 in statutory damages from Defendant Armory Replicas.
3. Plaintiff is awarded $115,000 in statutory damages from both Defendant Cosplay Kingdom and Defendant Handsmith.
4. Plaintiff's award for attorney fees and costs will be determined at the appropriate time.
5. Defendants are enjoined from selling the infringing products or substantively similar products and must impound or destroy all copies of the infringing works in their possession, custody, or control.

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/________________________**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**